LEE SHERMAN DREYFUS, Governor State of Wisconsin
At the request of the Governor's Committee for People with Disabilities you ask my opinion on three questions which relate to the open meetings law.
 1. Does s. 19.81, Wisconsin Statutes, mean that governmental bodies including local governmental bodies are limited in *Page 252 
their discretion in deciding whether to conduct the meetings in places that are physically accessible to persons with disabilities?
The answer is yes. Section 19.81(2), Stats., provides: "To implement and ensure the public policy herein expressed, all meetings of all state and local governmental bodies shall be
publicly held in places reasonably accessible to members of thepublic and shall be open to all citizens at all times unless otherwise expressly provided by law."
The statute is applicable to both state and local governmental bodies and to meeting places for open as well as closed sessions. A meeting cannot be initially convened in closed session. An open session must precede a closed session for the purposes of taking a vote and making announcement as required by sec. 19.85(1), Stats., even though notice of the contemplated closed session has been given pursuant to sec. 19.84(2), Stats. See sec. 19.83, Stats. The words in sec. 19.81(2), Stats., "shall be publicly held in places reasonably accessible to members of the public" when read in conjunction with the words "open to all citizens at all times unless otherwise expressly provided by law" mean that meeting places must be reasonably accessible to all citizens, including those with disabilities.
A local governmental body has greater leeway in the selection of a meeting place than does a state governmental body. The Legislature has defined what standards are applicable to state governmental bodies. Sections 19.82(3) and 101.13(1), Stats., provide:
 (3) "Open session" means a meeting which is held in a place reasonably accessible to members of the public and open to all citizens at all times. In the case of a state governmental body, it means a meeting which is held in a building and room thereof which enables access by persons with functional limitations, as defined in s. 101.13 (1).
 101.13(1) In this section, "access" means the physical characteristics of a place which allow persons with functional limitations caused by impairments of sight, hearing, coordination or perception or persons with semiambulatory or nonambulatory disabilities to enter, circulate within and leave a place of employment or public building and to use the public toilet facilities and passenger elevators in the place of employment or public building without assistance. *Page 253 
In my opinion local governmental bodies can utilize meeting places reasonably accessible, with assistance, to persons with disabilities.
 2. If a reasonable opportunity exists to conduct such meetings in accessible rooms of comparable size, is there discretion to choose a non-accessible location on the basis of convenience (i.e. immediate access to records or files) or tradition?
The answer is no. The statutory provisions set forth above indicate a legislative intent that reasonable access to all members of the public is to be accorded a higher priority than access of members to records and files or tradition.
 3. If an accessible room for such meeting is not available and a person with physical limitations expresses a desire to attend, does the governmental body have a duty to make special arrangements to enable the person to attend?
As noted above, state governmental bodies must schedule meetings for and meet in a building and room which enables access by persons with functional limitations as defined in sec.101.13(1), Stats. That provision would be violated if a meeting were held in a building or room which did not meet the standards set forth in sec. 101.13(1), Stats., even if assistance were given to a disabled person. Local governmental bodies should attempt to schedule and hold meetings in buildings and rooms which meet the standards set forth in sec. 101.13(1), Stats. Where a local governmental body is involved, a place which would not qualify under sec. 101.13(1), Stats., might still be reasonably accessible to persons with disabilities if some assistance were furnished to such persons. The governmental body would have a duty to furnish reasonable assistance to make the building and room reasonably accessible, or in the alternative, would have to adjourn the meeting until a reasonably accessible meeting place were available.
You also request my opinion on five questions which relate to obligations of counties to deliver services to mentally and physically disabled persons in a county other than that of residence and under various, and sometimes disputed, residency conditions. The underlying theme of the five questions is a delineation of state versus county responsibility for the individuals in the various hypothetical situations. It would be improper for me to offer an opinion on these five *Page 254 
questions at this time since these matters are presently in litigation in which our office is serving as counsel for state interests. We will respond to the five questions when the litigation is completed if the litigation does not answer the questions.
BCL:RJV